# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**THOMAS CANAL DAVIS,**
       **Plaintiff,**

**v.**                                                    **Case No.: 06-3320-JAR**


**BRAD McCARTER,** *et al.*
              **Defendants.**


## <u>ORDER</u>

This matter comes before the court on defendant Brad McCarter's Second Motion to Compel (Doc. 34). Specifically, defendant McCarter seeks responses to interrogatories and requests for production served on plaintiff on October 29, 2007. Plaintiff has not responded to the instant motion and the time for doing so has passed. Therefore, the court is prepared to rule.

On October 29, 2007, defendant served interrogatories and request for production upon plaintiff. Responses to these requests were due December 3, 2007. Defendant filed his first motion to compel on January 2, 2008. The court granted defendant's first motion to compel on February 7, 2008. The court ordered plaintiff to answer defendant's interrogatories and requests for production by February 29, 2008. Plaintiff provided responses to the court on March 4, 2008. The court forward those responses to defense counsel, who received them on March 6, 2008.

Defendant contends that plaintiff's responses are inadequate. Specifically, plaintiff responded "N/A" to interrogatories 2, 4, 5, 6, 7 and 9. Also, defendant states that plaintiff wholly failed to respond to defendant's requests for production of documents.

D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the

time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief

or response . . . . If a respondent fails to file a response within the time required . . . , the motion will

be considered and decided as an uncontested motion, and ordinarily will be granted without further

notice."[2]

The court notes that Thomas Davis, as a *pro se* litigant, is not excused from compliance with

fundamental rules of procedure, which include responding to discovery requests.[3]  Mr. Davis has

indicated that he will not answer discovery without the assistance of counsel.  The court finds this

opinion is without merit.  Mr. Davis initiated this action as a *pro se* litigant and is therefore

responsible for its furtherance.

The court will first address each disputed interrogatory individually.  Interrogatory No. 2

asks for information regarding anyone who may have knowledge or information pertaining to the

incident and claims in plaintiff's complaint, any defense, or any discoverable matter.  The court

finds this interrogatory relevant and properly discoverable.  Plaintiff shall provide the name, last

know address, present whereabouts and place of employment of each person that may have

knowledge or information regarding the incident and claims asserted in this case.

Interrogatory No. 3 asks if plaintiff intends to call as a witness at trial any individual who

may have the qualifications to testify as an expert witness, including medical experts.  The court

notes that pursuant to the Scheduling Order plaintiff was to designate any expert witness by

December 14, 2007.  No such expert was designated and no extension of time was requested.

---

[1]Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

[2] D. Kan. R. 7.4.

[3] *Elrod v. Swanson,* 478 F. Supp. 2d 1252, 1268-69 (D. Kan. 2007).

Therefore, the court finds this interrogatory moot.

Interrogatory No. 4 requests the names and addresses of all doctors, hospitals, clinics, physicians or surgeons, or other persons or institutions of the healing arts consulted for diagnosis or treatment of the claimed injuries and the dates of each consultation, examination or treatment. The court finds this information relevant and properly discoverable. To the extent plaintiff has knowledge of the requested information, he should provide it to defendant.

Interrogatory No. 5 requests the total amount of damages claimed by plaintiff and a description of each type of damages. During the Final Pretrial Conference, plaintiff indicated that he would be seeking damages as a result of medical expenses and pain and suffering to be determined by the trier of fact. The court will not require plaintiff to quantify his damages at this time. Therefore, the court finds plaintiffs statements sufficiently address this interrogatory. Plaintiff need not provide further response.

Interrogatory No. 6 requests an itemization of all out-of-pocket expenses claimed by plaintiff. During the Final Pretrial Conference, plaintiff indicated that the thought his medical expenses were paid for by the appropriate law enforcement authorities. He stated, however, that he had received medical bills from the treating facilities. The court finds that plaintiff should provide a list of any expenses he has personally paid. He shall further provide copies of the billing statements he has received from any health care providers.

Interrogatory No. 7 requests information regarding lost wages, other earnings or income. During the Final Pretrial Conference, plaintiff did not mention a claim for lost wages, earnings or income when he was questioned about his damages. Therefore, the court concludes plaintiff is not pursing these as a category of damages. If this is correct, plaintiff need not provide further

information.  If plaintiff is seeking damages for lost wages, earnings or income, he shall provide the information requested in Interrogatory No. 7.

Interrogatory No. 9 requests information for each crime plaintiff has been charged.  The court finds this information relevant and properly discoverable.  Plaintiff shall provide the date of the charge, identify the crime charged, identify the prosecutor and the court in which such charge was filed, provide the caption of the case in which such charge was made, and explain the disposition of the charge.  Pursuant to the discussion at the Final Pretrial Conference, the court finds that plaintiff has had at least one criminal case within the District of Kansas.  In that case plaintiff was charged as a felon in possession of a firearm.  The court concludes that plaintiff must have a criminal history to have be charged with and plead guilty to such an offense.  Therefore, plaintiff shall provide all information requested by defendant in Interrogatory No. 9.

The court has also reviewed the requests for production of documents to which plaintiff has not served any response.  The court finds that requests numbered 1, 2, 3, 4,  6, 7, 8, 8, 10, and 15 are relevant and properly discoverable.  Plaintiff shall produce any documents he has within his possession or control that relate to defendant's requests.  Further, plaintiff shall sign two medical records release authorization forms and one authorization for release of criminal and related records.  Plaintiff need not respond to defendant's requests numbered 5, 11, 12, 13 and 14.  Request No. 5 seeks documents related to a damages claim for lost wages.  As discussed above, plaintiff stated during the Final Pretrial Conference that he was only seeking damages resulting from medical expenses and pain and suffering.  Therefore, the court is under the impression that no lost wage damages are being claimed.  Request Nos. 11-14 relate to any experts that may be called by plaintiff.  Again, no expert has been identified by plaintiff and the time for doing so has passed.  Thus, these

4

requests are moot.

Pursuant to Rule 37, the court finds that an award of expense at this time would be unjust. The court notes that plaintiff is proceeding *pro se* and may not have been fully aware of the consequences of his failure to respond to discovery.  The court cautions plaintiff that if he continues to refuse to meaningfully participate in the furtherance of the action he initiated, the court will have no option but to impose sanctions and expenses, including attorney's fees.  Also, the court may have no choice but to dismiss all his claims pursuant to Rule 37(d).

Accordingly and without objection,

**IT IS THEREFORE ORDERED** that defendant Brad McCarter's Second Motion to Compel (Doc. 34) is hereby granted in part and denied in part.  Mr. Davis shall answer those interrogatories and requests for production served October 29, 2007 by **May 15, 2008.**

**IT IS SO ORDERED.**

Dated this <u>24th</u> day of April, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge